**IN THE UNITED STATE DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Maria Farias and Miguel Echevarria, | § | |
| Individually and for All Others | § | |
| Similarly Situated, | § | |
| | § | Case No. _____ |
| Plaintiffs, | § | |
| v. | § | |
| | § | |
| Lucille B. Smith's Fine Foods, LLC d/b/a | § | |
| Lucille's, | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFFS' ORIGINAL COMPLAINT –**
**COLLECTIVE ACTION**

**I.**
**SUMMARY**

1.      Lucille B. Smith's Fine Foods, LLC d/b/a Lucille's, a Southern Cuisine Restaurant, (hereinafter referred to as "Defendant") required and/or permitted Plaintiffs to work in excess of forty (40) hours per week, but refused to compensate them for such hours at the overtime rate required under the Fair Labor Standards Act (FLSA).

2.      Consequently, Defendant's conduct violates the FLSA, which requires non-exempt employees to be compensated for overtime work at the FLSA mandated overtime wage rate and their regular hours worked at the FLSA mandated minimum wage rate. See 29 U.S.C. § 206 and 29 U.S.C. § 207(a).

3.      Defendant's other employees were subject to the same FLSA violations. Plaintiffs Maria Farias and Miguel Echevarria hereby file this action to recover overtime and minimum wage compensation owed to them individually, and on behalf of all other similarly situated employees (hereinafter "Class Members").

## II.
## SUBJECT MATTER JURISDICTION
## AND VENUE

4.      This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5.      Venue is proper in the Southern District of Texas because a substantial portion of the events forming the basis of this suit occurred in the Southern District of Texas.

## III.
## PARTIES AND PERSONAL
## JURISDICTION

6.      Plaintiff Maria Farias is an individual residing in Harris County, Texas. Plaintiff's written consent form to this action is attached hereto as Exhibit "A"

7.      Plaintiff Miguel Echevarria is an individual residing in Harris County, Texas. Plaintiff's written consent form to this action is attached hereto as Exhibit "B."

8.      The Class Members are:

**All of Defendant's current and former employees who worked more than forty (40) hours in a work week but were not paid one and one-half times their regular rate of pay at any time starting three years before this Complaint was filed up to the present**.

9.      The Class Members were also denied their minimum wage for regular hours worked within forty hours in a workweek.

10.     Defendant Lucille B. Smith's Fine Foods, LLC d/b/a Lucille's, a Southern Cuisine Restaurant, operates a restaurant business at 5512 La Branch St., Houston, Texas 77004. It may be served with process by serving its registered agent as follows: Christopher Williams, 5512 La Branch, Houston, Texas 77004.

## IV.
## COVERAGE

11.     At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

12.    At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

13.    At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(l) of the FLSA because Defendant has had and continue to have employees engaged in commerce. 29 U.S.C. § 203(s)(l).

14.    At all material times, Plaintiffs and Class Members were employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207

15.    Furthermore, Defendant has had, and continue to have, an annual gross business volume in excess of the statutory standard.

**V.**
**THE FACTS**

16.    Defendant owns and manages a Southern Cuisine Restaurant located in Houston, Harris County, Texas.

17.    Defendant employs various manual laborers who provide cleaning, kitchen, and wait staff services to Defendant's restaurant patrons.

18.    The Plaintiffs are current and former employees who performed various work duties described above for Defendant. In particular, Plaintiffs Farias and Echevarria worked in the kitchen preparing food for Defendant's customers.

19.    Plaintiff Farias began working for Defendant around 2019 and continues to work for Defendant.

20.    Plaintiff Echevarria began working for Defendant in early 2022 and continues to work for Defendant.

21.    Although Plaintiffs were required to and in fact, did frequently work more than forty hours per week, they were not compensated at the FLSA mandated time-and-a-half rate

for hours worked in excess of forty. In fact, Defendant paid Plaintiffs and the Class Members their regular hourly rate for all hours worked.  Likewise, when Defendant paid Plaintiffs and Class Members additional compensation such as bonuses, such additional compensation was not included in the regular rate of pay for determining the overtime rate.

22.    Plaintiffs are non-exempt employees.

23.    Defendant paid Plaintiffs straight time for all hours worked.

24.    Defendant's method of paying Plaintiffs was in violation of the FLSA, was willful and was not based on a good faith and reasonable belief that its conduct complied with the FLSA.

## VI.
## VIOLATION OF 29 U.S.C. § 207

25.    Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

26.    Defendant's practice of failing to pay Plaintiffs the time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

27.    None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to the Defendant or the Plaintiffs.

## VII.
## COLLECTIVE ACTION ALLEGATIONS

28.    Plaintiffs have actual knowledge that Class Members have also been denied overtime pay for hours worked over forty hours per workweek, and would therefore like to join this collective action.

29.    Other employees similarly situated to Plaintiffs work or have worked for Defendant's restaurant businesses, but were not paid overtime at the rate of one and one- half their regular rate when those hours exceeded forty hours per workweek.

30.    Although Defendant permitted and/or required the Class Members to work in

excess of forty hours per workweek, Defendant has denied them full compensation for their hours worked over forty.

31.     The Class Members perform or have performed the same or similar work as the Plaintiffs.

32.     Class Members regularly work or have worked in excess of forty hours during a workweek.

33.     When Defendant paid Class Members additional compensation such as, but not limited to, bonuses, such additional compensation was not included in the regular rate of pay for purposes of determining the overtime rate of pay.

34.     Class Members are not exempt from receiving overtime and/or pay at the federally mandated rate under the FLSA.

35.     As such, Class Members are similar to Plaintiffs in terms of job duties, pay structure, and the denial of overtime.

36.     Defendant's failure to pay overtime compensation and hours worked at the minimum wage rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Class Members.

37.     The experiences of the Plaintiffs, with respect to their pay, are typical of the experiences of the Class Members.

38.     The specific job titles or precise job responsibilities of each Class Member does not prevent collective treatment.

39.     All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

40.     Although the exact amount of damages may vary among Class Members, the damages for the Class Members can be easily calculated by a simple formula. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic

course of wrongful conduct by the Defendant that caused harm to all Class Members.

41.    As such, the class of similarly situated Plaintiffs is properly defined as stated above.

## VIII.
## DAMAGES SOUGHT

42.    Plaintiffs and Class Members are entitled to recover compensation for the hours they worked for which they were not paid at the federally mandated overtime rate.

43.    Plaintiffs and Class members are also entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

44.    Additionally, Plaintiffs and Class Members are entitled to recover their attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

## PRAYER

45.    For these reasons, Plaintiffs and Class Members respectfully request that judgment be entered in their favor awarding the following relief:

a.  Overtime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half rate;

b.  An equal amount as liquidated damages as allowed under the FLSA;

c.  Reasonable attorney's fees, costs and expenses of this action as provided by the FLSA; and

d.  Such other relief to which Plaintiffs and Class Members may be entitled, at law or in equity.

Respectfully submitted,

By: */ s / Galvin Kennedy*
     Galvin Kennedy
     Galvin@KennedyAttorney.com
     Federal Bar No. 20791
     Texas State Bar No. 00796870
     KENNEDY LAW FIRM, LLP
     2925 Richmond Ave., Ste. 1200
     Houston, TX 77098
     Telephone: (713) 425-6445
     Facsimile (713) 888-535-9271

**ATTORNEY IN CHARGE FOR PLAINTIFFS
AND PUTATIVE COLLECTIVE MEMBERS**